**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PANNEE LEITCH MCMACKIN, | |
| Plaintiff, | Case No.: 2:23-cv-00689-GMN-EJY |
| vs. | |
| SCOTT CAMPBELL | **ORDER** |
| Defendant. | |

Three motions are pending before the Court: Defendant Scott Campbell's ("Defendant's") Motion/Application for Leave to Proceed *in forma pauperis*, (ECF No. 2), Plaintiff Pannee Leitch McMackin's ("Plaintiff's") Motion to Remand, (ECF No. 4), and Plaintiff's Motion to Shorten Time, (ECF No. 5).

### I.  BACKGROUND

Defendant seeks to remove this unlawful detainer action from state court. (*See* Not. Removal, ECF No. 2-2 at 1-5; Compl., ECF No. 2-2 at 11-13). On May 3, 2023, the Court ordered Defendant to file a brief demonstrating that the Court has subject matter jurisdiction over this action by June 3, 2023. (Min. Order, ECF No. 3). The Court stated, "Failure to comply with this Order will result in denial of the Motion/Application for Leave to Proceed *in forma pauperis* and remand of the case back to state court." (*Id.*). Defendant failed to comply with the Court's Order.

### II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Generally, district courts have

subject matter jurisdiction over civil actions in which: (1) the claims arise under federal law; or (2) where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331, 1332(a).

A civil action brought in state court may be removed to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).  The defendant asserting the removal must prove it is proper, and there is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

### III. DISCUSSION

In the Notice of Removal, Defendant alleges that this Court has subject matter jurisdiction based on diversity of citizenship as well as the existence of a federal question. (Not. Removal at 2).  Defendant failed to demonstrate that the parties are diverse or that the amount in controversy is met.  Additionally, Defendant appears to argue that federal question jurisdiction exists based on federal counterclaims. (*Id.* at 5).  But "a counterclaim . . . cannot serve as the basis for [federal question jurisdiction]." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

The Court warned Defendant that remand would result from failure to comply with the Order.  Although Defendant has not yet had an opportunity to respond to the Motion to Remand, the Court GRANTS Plaintiff's Motion to Remand because Defendant failed to comply with the Court's Order to Show Cause.

The Court now turns to Plaintiff's request for attorneys' fees and costs.  "An order remanding a removed case to state court 'may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 134 (2005) (quoting 28 U.S.C. § 1447(c)).  "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an

objectively reasonable basis for removal." *Id.*

Defendant did not have a reasonable basis for removing this action to federal court. Even liberally construing pro se Defendant's filings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court cannot fathom any reasonable argument for jurisdiction. Moreover, Defendant failed to demonstrate the basis for jurisdiction following the Court's Order to Show Cause.[1] The Court is therefore inclined to grant an award of attorneys' fees and costs. However, Plaintiff has not yet submitted billing records and a report of costs pertaining to the preparation of the instant Motion to Remand. Thus, the Court retains jurisdiction after remand to address Plaintiff's request for attorneys' fees and costs. *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 448 (9th Cir. 1992) ("[B]ecause the award of attorney's fees pursuant to 28 U.S.C. § 1447(c) is collateral to the decision to remand, the district court retained jurisdiction after remand to entertain Plaintiffs' motion for attorney's fees.").

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 4), is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion/Application for Leave to Proceed *in forma pauperis*, (ECF No. 2), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Shorten Time, (ECF No. 5), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that that the case is hereby remanded to the Justice Court, Township of North Las Vegas, Clark County, Nevada, for all further proceedings.

///

///

---

[1] Additionally, Plaintiff notes that this is Defendant's second attempt at removal on the same wrongful basis. (Mot. Remand 9:2–7, ECF No. 4).

1   **IT IS FURTHER ORDERED** that this Court retains jurisdiction over the request for
2   attorneys' fees.  Plaintiff shall have until August 12, 2023, to file a motion for attorneys' fees,
3   which will follow the normal briefing schedule.

4   Dated this __11__ day of July, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court